**Opinion filed April 29, 2010**



In The

# Eleventh Court of Appeals

———————

## No. 11-08-00159-CR

———————

## ALEJANDRO GARCIA, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR34120**

## M E M O R A N D U M   O P I N I O N

The jury convicted Alejandro Garcia of the offenses of aggravated robbery and retaliation. The jury assessed punishment for the aggravated robbery at confinement for twenty years and a fine of $10,000 and for retaliation at confinement for five years and a fine of $10,000. The trial court entered separate judgments but ordered the sentences to run concurrently. We affirm.

Appellant has briefed five issues for review. In the first and second issues, he complains of the trial court's failure to give an accomplice witness instruction to the jury. In the next two

issues, appellant challenges the factual and legal sufficiency of the evidence to support his conviction for aggravated robbery. In his final issue, appellant argues that the trial court abused its discretion in allowing a witness to testify as to his opinion regarding the cause of a bruise on the victim.

We will address the sufficiency challenges first. In his third issue, appellant challenges the factual sufficiency of the evidence to support his conviction for aggravated robbery. In the fourth issue, appellant contends that the evidence is legally insufficient to support his conviction for aggravated robbery because evidence corroborating the accomplice's testimony is lacking. We will apply the following well-recognized standards of review to appellant's sufficiency challenges. To determine if the evidence is factually sufficient, we must review all of the evidence in a neutral light and determine whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). To determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Jackson v. State*, 17 S.W.3d 664 (Tex. Crim. App. 2000). To support a conviction based upon the testimony of an accomplice, there must be corroborating evidence that tends to connect the accused with the offense. TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 2005); *Reed v. State*, 744 S.W.2d 112 (Tex. Crim. App. 1988). To determine the sufficiency of the corroboration, we must examine the testimony of the non-accomplice witnesses and determine if there is inculpatory evidence tending to connect appellant to the crime. *Reed*, 744 S.W.2d at 127. An accomplice witness need not be corroborated in all his testimony, and the corroboration need not directly link the accused to the crime or be sufficient in itself to establish guilt. *Id.*

The victim, Abraham Puente, testified that he was asleep in the early morning hours of July 9, 2007, at the home of his brother-in-law, Jose Juarez. The victim was awakened by a loud noise that sounded like somebody hitting the back door. At first, he thought it was Juarez coming home, but then he heard dresser drawers dropping to the floor in Juarez's bedroom. Three intruders came into the bedroom where the victim was. The victim testified that he heard appellant say that there was somebody sleeping in the room. The victim recognized appellant's

2

voice. He had heard it earlier that day when appellant was at the house drinking beer with Juarez. The victim also saw appellant's face when the handkerchief fell. The victim testified that he had known appellant for approximately one year prior to this encounter and that he had no question about appellant's identity as one of the assailants.

According to the victim, the assailants pointed a gun at the victim's head and demanded his money. They took approximately $300 from the victim's wallet. The victim testified that the assailants kicked him in the head, neck, and back; that one of them jabbed his neck with the rifle barrel, leaving a circular bruise; and that appellant threatened to kill him if he did "something stupid" like call the police. Appellant and the gunman were arrested within hours of the crime. The victim identified the clothes that these two were wearing during the offense. Pictures of the house that was burglarized, shoe prints found at the scene, and the marks on the victim's neck were introduced into evidence. Clothing identified as that of appellant and the gunman were also introduced.

Teofilo Hernandez testified that he, appellant, and two other males left appellant's house on the night of the offense and went for a walk. Hernandez stated that appellant and the two others hopped a fence in an alley. Hernandez testified that he did not really know their intent but knew it was the "wrong thing to be doing." He heard a loud noise that he attributed to "[t]he door." Hernandez left. He testified that, as he was walking back to appellant's house, the three others ran past him.

The victim testified that he had seen somebody waiting on the corner for the assailants but that the fourth person had not been in the house. The clothes that Hernandez was wearing when police arrived at appellant's house matched the description given by the victim as that of the person on the corner. Hernandez was not charged with the offense.

Appellant testified that he had been at Juarez's house drinking beer with Juarez during the day but that he did not return and had nothing to do with any aggravated robbery.

We hold that the evidence is both legally and factually sufficient to support appellant's conviction. The non-accomplice testimony from the victim is legally sufficient to support appellant's conviction even without the testimony of Hernandez, the alleged accomplice. Furthermore, after reviewing all of the evidence in a neutral light, we hold that the evidence supporting the verdict is not so weak as to render the verdict clearly wrong and manifestly unjust

3

and that the verdict is not against the great weight and preponderance of the conflicting evidence. Appellant's third and fourth issues are overruled.

Appellant asserts in his first issue that Hernandez was an accomplice witness as a matter of law and in his second issue that he was an accomplice witness as matter of fact. Appellant contends that the trial court erred in failing to instruct the jury accordingly. Appellant acknowledges that he did not request an accomplice witness instruction or object to its omission from the jury charge. Consequently, any error in the omission of the instruction must be egregious in order to constitute reversible error under *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).

We must review the entire jury charge, the state of the evidence, the arguments of counsel, and any other relevant information in order to determine whether the error was so egregious that appellant was denied a fair and impartial trial. TEX. CODE CRIM. PROC. ANN. art. 36.19 (Vernon 2006); *Almanza*, 686 S.W.2d at 171-74. An error results in egregious harm if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996); *Almanza*, 686 S.W.2d at 172. Assuming that Hernandez could have been considered an accomplice – a matter which we need not decide – any error in the omission of an accomplice witness instruction was not egregious error. Under the egregious harm standard, the omission of an accomplice witness instruction is generally harmless unless the corroborating, non-accomplice evidence is "so unconvincing in fact as to render the State's overall case for conviction clearly and significantly less persuasive." *Herron v. State*, 86 S.W.3d 621, 632 (Tex. Crim. App. 2002) (quoting *Saunders v. State*, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991)). In this case, the victim testified that he had no question whatsoever that appellant committed this offense because he knew appellant, saw him during the offense, and recognized him and his voice. The non-accomplice evidence also showed that somebody had kicked in the back door of the house where the victim was staying. The corroborating evidence was not unconvincing.

Appellant was not denied a fair and impartial trial, and the omission of the accomplice witness instruction, if error, was not reversible error in this case. Appellant's first and second issues are overruled.

In his final issue, appellant argues that the trial court abused its discretion in allowing Detective Richard Candelaria to give his opinion regarding the cause of a bruise on the victim's

4

neck. Appellant asserts that the opinion was an improper lay opinion under TEX. R. EVID. 701. Rule 701 limits the admissibility of lay opinions and inferences to those that are rationally based on the perception of the witness and helpful to a clear understanding of the witness's testimony or the determination of a fact in issue.

The record shows that, shortly after being called to the scene, Detective Candelaria observed "bruises" on the victim's neck. He testified that one was "very noticeable, which was a round circular type bruise." He identified that bruise in a picture that was introduced as an exhibit and said that the victim told him that was where "he was being jabbed on the neck" with a rifle. The prosecutor then asked if the bruise was consistent with a rifle marking. Over appellant's objections, Detective Candelaria answered the question affirmatively and then explained his reasoning: "Because of that circular deal on the neck, it indicated that it was either a barrel of a rifle or some other object." Detective Candelaria also described what the barrel of a rifle looks like. The rifle allegedly used in this case was not recovered by police, and no rifle was offered as evidence.

We cannot hold that the trial court abused its discretion in allowing Detective Candelaria to testify that the circular mark that he observed on the victim's neck was consistent with and could have been caused by the barrel of a rifle. That testimony was rationally based upon his perception and was helpful to a clear understanding of a fact in issue: whether a firearm was used during the commission of the offense. Appellant's fifth issue is overruled.

The judgments of the trial court are affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


April 29, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.